IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL N. CRUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1316 |
| ) | Judge Nora Barry Fischer |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This matter comes before the Court on the parties' cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket Nos. 9 and 10). Plaintiff, Daniel N. Cruse ("Plaintiff"), proceeding *pro se*, initiated this action on September 28, 2009 pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying his claim for disability and supplemental social security income ("SSI") under Title XVI of the Social Security Act ("SSA") 42 U.S.C. §§ 401-433, 1381-1383(f). The record has been developed at the administrative level. (Docket Nos. 7-1 - 7-7).[1] Upon consideration of the entire record in this case, and for the following reasons, the Court finds that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence. Accordingly, Plaintiff's motion [9] will be denied, and Defendant, the Commissioner's motion [10] will be granted.

---

[1] Hereinafter, all citations to Docket No. 7, the Certified Copy of the Transcript of the Proceedings before the Social Security Administration will be of the form "(R. at __)."

1

**Procedural Background**

Plaintiff protectively applied for SSI on May 17, 2007, alleging disability due to flat feet, depression, a panic disorder, diabetes, and obesity beginning that date. (R. at 81-87). Plaintiff's claim was initially denied on July 30, 2007. (R. at 63-64). Thereafter, Plaintiff filed a timely request for a hearing before an ALJ on August 9, 2007. (R. at 70). A videotaped hearing was held on March 30, 2009 before ALJ Alma S. Deleon. (R. at 48.). Plaintiff, having full knowledge of his rights, declined the representation of counsel. (*Id.* at 34, 48-59). A vocational expert, Samuel L. Evan, also testified. (R. at 59-62). On April 29, 2009, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. (R. at 8-16). The Appeals Council subsequently denied Plaintiff's request for review, thereby making the ALJ's decision the decision of the Commissioner in this case. (R. at 1-4).

Plaintiff now seeks review of that decision by this Court. His Complaint, filed on October 5, 2009, is handwritten and solely states that "[o]n July 28th, 2009, my social security [b]enefits were denied, I feel I have a valid claim, that should be heard." (Docket No. 5). After Defendant Commissioner filed its Answer and the administrative record on December 14, 2009 (Docket Nos. 6 and 7), this Court issued an order requiring Plaintiff to file his motion for summary judgment with brief in support by January 14, 2010, and requiring the Commissioner to file its cross motion for summary judgment by February 3, 2010. (Docket No. 8). Plaintiff filed his motion on January 7, 2010, without a supporting brief. (Docket No. 9). His motion consists of a one-page letter to the Court explaining that he has new medical evidence about his "flat feet,"[2] and claims that he is unable

---

[2] "Flat feet" is a condition where the longitudinal arch on the inside of the feet is flattened. *See* http://www.mayoclinic.com/health/flatfeet/DS00449; last visited March 23, 2010. It's a common and generally painless condition. *Id.* It often occurs because the arches do not develop during childhood. *Id.* This condition may be associated with pronation, a leaning inward of the ankle bone toward the center line. *See*

2

to "hold down a job." (*Id.*).  Attached to his motion, Plaintiff provided the report of Dr. J.E. Jani, D.P.M,[3] and a document which appears to be the related form requesting a copy of this report. (Docket No. 9 at 2-3).  In response, the Commissioner filed its motion for summary judgment and brief in support on February 3, 2010. (Docket Nos. 10 and 11).

## Factual Background

Plaintiff was 45 years old when he applied for SSI, and 47 years old at the time of the administrative hearing. (R. at 51). He had completed high school and one year of college. (R. at 51-52).  He testified that his weight on the date of the hearing was 450 pounds. (*Id.*). He has no past relevant work. (*Id.*).  He affirmed that the medical evidence in the record before the ALJ was complete, and that his prison medical records did not include any additional medical findings. (R. at 53-54).

The medical evidence demonstrates that Plaintiff last received treatment for his flat feet at Children's Hospital in Pittsburgh in 1973. (R. at 267). There is no evidence of ongoing treatment during the relevant time period. As to Plaintiff's diabetes, on June 5, 2007, Dr. Rachel Hess[4] reported that Plaintiff was "doing well." (R. at 216). She further reported that he had controlled hypertension, non-cardiac chest pain, was obese and currently had polysubstance (alcohol and cocaine) abuse and depression. (*Id.*). Dr. Hess indicated that Plaintiff's panic attacks had decreased as his depression was

---

http://www.mamashealth.com/foot/flatfeet.asp; last visited March 23, 2010.

[3]   The Court was not provided a copy of Dr. Jani's curriculum vitae. This Court's research revealed that Dr. Jani's full name is Joseph E. Jani, D.P.M, and he practices podiatry in the Pittsburgh area, with a specialty in foot disorders and sports injuries. *See* http://www.healthgrades.com/directory; last visited March 23, 2010.

[4]   Dr. Rachel Hess practices internal medicine with the University of Pittsburgh Medical Center, Division of General Internal Medicine. *See* http://findadoc.upmc.com/PhysicianBioQuery.aspx?EPCDID=2909; last visited March 23, 2010.

being controlled with the use of Effexor.[5] (*Id.*). During a visit on June 9, 2007, Dr. Jason Bierenbaum[6] noted similar findings and specifically reported that Plaintiff seemed to be doing better, and he had not used cocaine since his last visit and was drinking much less. (R. at 217). His weight on that date was 411 pounds. (*Id.*). A foot exam during that visit revealed normal findings. (R. at 218).

On July 15, 2007, Plaintiff received a psychological evaluation by Dr. Chantal Deines[7] who noted that upon Plaintiff's arrival, he presented as morbidly obese at 415 pounds, and was neatly dressed. (R. at 230, 235). He reported to the doctor that he has trouble losing weight and had not worked in 15 years, although he was trained in bricklaying, automotive school, and "a small bit of computer repair." (*Id.* at 231, 233). He further reported that he had previously seen a psychiatrist upon a referral by his primary care physician but that he felt "it was a waste of time" and that he would not go back. (*Id.*). Dr. Deines noted that Plaintiff "presented as an extremely large fellow with good eye contact and good social skills," while he exhibited no obvious anxiety or difficulty breathing. (R. at 233). He further noted that Plaintiff's gait was noticeably disrupted by his excessive weight and that he has extreme difficulty ambulating. (*Id.*). Dr. Deines further noted that Plaintiff did not appear to be suffering from depression at that time, but more from his panic disorder. (R. at 235). He was very much dependent on alcohol, perhaps as a way of self-medicating for his anxiety.

---

[5]
     Effexor is a structurally novel antidepressant for oral administration. It is used a treatment for major depressive disorder. PHYSICIAN'S DESK REFERENCE (Online ed. 2007).

[6]
     Dr. Jason Bierenbaum practices internal medicine at the Digestive Disorders Centner in Pittsburgh, Pennsylvania. *See* http://www.ucomparehealthcare.com/drs/pennsylvania/internal_medicine/Jason_Bierenbaum.html; last visited March 23, 2010.

[7]
     Dr. Chantal M. Deines is a psychologist with a specialty in clinical psychology and practices in Pittsburgh, Pennsylvania. *See* http://www.healthline.com/doctors/psychologists/chantal-deines/5655488; last visited March 23, 2010.

(*Id.*). Dr. Deines diagnosed Plaintiff with alcohol dependence, cocaine abuse, panic disorder with agoraphobia,[8] depression, and an eating disorder. (R. at 236).

A mental residual functional capacity ("RFC") assessment was completed by Dr. Douglas Schiller, Ph.D.,[9] on July 23, 2007. (R. at 248). Dr. Schiller opined that Plaintiff can perform simple, routine, repetitive work in a stable environment, with short and simple instructions. (R. at 249). Additionally, he opined that Plaintiff appeared to possess the ability to meet the basic mental demands of competitive work on a sustained basis despite the limitations resulting from his impairments. (R. at 249).

After reviewing Plaintiff's medical records and hearing testimony from Plaintiff and a VE, Samuel E. Edelman, M.Ed.,[10] the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act at any time through the date of her decision. (R. at 16). The ALJ also found that Plaintiff had not engaged in substantial gainful activity since May 17, 2007, the alleged onset of his disability, and that he suffered from the severe impairments of diabetes mellitus, obesity, depression, anxiety, and substance abuse. (R. at 10). The ALJ determined, however, that Plaintiff's impairments

---

[8] Agoraphobia is the condition of having an irrational fear of being in a public place which would be difficult to leave in a hurry if something happens. ATTORNEY'S DICTIONARY OF MEDICINE ILLUSTRATED. (Online ed. 2008)

[9] Dr. Doughlas Schiller is a psychologist with offices on Ellsworth Avenue in Pittsburgh, Pennsylvania. *See* http://www.healthgrades.com/health-professionals-directory/Douglas-Schiller-PHD-89C60652; last visited March 23, 2010.

[10] Samuel Edelman received his Bachelor of Arts degree from Ohio University in 1971, and a Masters of Education, Rehabilitation Counseling from the University of Pittsburgh in 1973. (R. at 77). He has been in the private practice of vocational rehabilitation counseling and consultation since 1975. (*Id.*). His practice includes comprehensive rehabilitation services in addition to acting as an independent and unbiased consultant expert witness for the SSA. (*Id.* at 78). He is certified by the Pennsylvania Department of Labor and Industry, and is a fellow and diplomat with the American Board of Vocational Experts. (*Id.*).

either alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 11).

The ALJ also found that Plaintiff retains the residual functional capacity to perform light work as defined by 20 C.F.R. § 416.967(b), that involved no more than occasional pushing or pulling with his lower extremities. (R. at 12). Plaintiff requires work that involves minimal interactions with supervisors and peers, limited contact with the general public, no complex decisions, and no detailed instructions. (*Id.*). Additionally, the ALJ found that Plaintiff is unable to cope with stress in emergency situations or adapt to frequent changes in a work setting. (*Id.*).

Based upon the VE's testimony and Plaintiff's age, education, work experience and residual functional capacity, the ALJ concluded that Plaintiff could perform a number of jobs present in the national economy.[11] (R. at 15). Specifically, the ALJ found that Plaintiff would be able to perform the requirements of occupations such as office cleaner, hotel/motel cleaner, and stock clerk. (*Id.*). Accordingly, the ALJ held that Plaintiff was not disabled. (*Id.*).

## Standard of Review

---

[11]

The Court also notes that the ALJ considered Plaintiff's obesity under Social Security Ruling ("SSR") 02-1p as it may have an adverse impact upon his co-existing impairments and limit his ability to sustain activity on a regular and continuing basis. (R. at 10); *see also* 67 Fed.Reg. 57859, 2002 WL 31026506. However, she noted that the record reveals that despite his obesity and flat feet, he did not require an assistive device to ambulate. (R. at 13). The ALJ stated in her decision that these considerations were taken into account in reaching the conclusions therein. (*Id.*). In regards to same, the ALJ made her residual functional capacity assessment based upon all of the medical evidence of Plaintiff's impairments, including his obesity. (R. at 14-15). She determined that Plaintiff had no more than moderate limitations which did not preclude work at the light level. (*Id.*).

Based on the foregoing, the Court does not perceive any issue in this case with the Court of Appeals for the Third Circuit's holding in *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503-04 (3d Cir. 2009), which requires the ALJ to consider obesity when determining whether an applicant is disabled. The record here shows that the ALJ properly considered obesity under SSR 02-1p. *See also Martin v. Comm'r of Soc. Sec.*, Civ. A. No. 09-2440, 2010 U.S. App. LEXIS 4932 (3d Cir. Mar. 8, 2010)(ALJ's discussion under SSR 02-1p and whether applicant could ambulate effectively, resulting in a decision that applicant's obesity did not meet or equal of any of the listed impairments either alone or in combination with other impairments, was proper).

When reviewing a decision denying SSI, the district court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir.1995) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson,* 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D.Pa.1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. 5 U.S.C. § 706.

The ALJ must utilize a five-step sequential analysis when evaluating the disability status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404 subpt. P., appx. 1; (4) whether the claimant's impairments prevent his from performing his past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. § 404.1520(a) (4).

If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiffs's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler,* 790 F.2d 26, 28 (3d Cir.1986).

**Analysis**

As Plaintiff has filed his complaint and motion *pro se*, the Court must liberally construe his pleadings, and "apply the applicable law, irrespective of whether [he] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)(quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)); *see also Leventry v. Astrue*, Civ. A. No. 08-85J, 2009 U.S. Dist. LEXIS 86604 (W.D. Pa. Sept. 22, 2009)(applying same in the context of a social security appeal). Thus, the Court will liberally read Plaintiff's pleadings. Even construed in this manner, however, Plaintiff fails to meet his burden under Rule 56.

Initially, Plaintiff asserts that he "feels" he has a valid claim for social security benefits. (Docket No. 5). In his motion for summary judgment, Plaintiff states that he has "new medical records to submit" to this Court. (Docket No. 9 at 1). He attests that when he "did [his] appeal," he thought his medical records about his flat feet "were in the file, but they were not." (*Id.*). Plaintiff tried to obtain his medical records from Children's Hospital but claims that they were destroyed because they were over 35 years old. (*Id.*). As a result, Plaintiff visited Dr. Jani, a podiatrist, on January 4, 2010 and has submitted the doctor's report as evidence that his flat feet prevent him from being able to work. (*Id.* at 3). In addition, he claims that because of his mental instability, i.e. his severe depression, panic disorder, and agoraphobia, he cannot "hold down a job." (Docket No. 9 at 1).

Dr. Jani's report states that Plaintiff has "profound flat feet," while noting that there are no open wounds, no ulcerations, and no apparent abscesses found in either foot. (*Id.*). Plaintiff was given a prescription for diabetic shoes with custom insoles for his feet, and the doctor recommended that he be seen in nine weeks for continued foot care. (*Id.*). Dr. Jani did not limit Plaintiff's physical abilities nor did the doctor opine that Plaintiff was physically unable to work. (*Id.*).

When a disability claimant seeks a remand based on evidence presented to the district court that was not before the ALJ, the remand is governed by sentence six of Section 405(g) of the Social Security Act, which provides in pertinent part:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is *new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. 405(g)(emphasis added). Thus, this case may be remanded to the Commissioner for consideration of Dr. Jani's report only if the report constitutes "new" and "material" evidence <u>and</u> Plaintiff establishes "good cause" for failing to present it to the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 592-93 (3d Cir. 2001).

Despite whether Dr. Janis' report is "new" and "material," the Court is constrained to conclude that Plaintiff has failed to meet his burden for a sentence six remand for further consideration; that is, Plaintiff has failed to establish "good cause" for not incorporating Dr. Jani's report in the record before the ALJ. Plaintiff emphasizes that because his medical records from Children's Hospital were allegedly destroyed, of which he claims he was unaware, he chose a podiatrist "out of the phonebook." (Docket No. 9 at 1). However, Plaintiff fails to address the fact that the SSA notified him in a letter dated November 20, 2008 that he could submit additional evidence prior to or at the hearing. (R. at. 35). He was further given the opportunity to review his file with the SSA before the hearing. (*Id.* at 35-36). In this letter, the SSA instructed Plaintiff that it may issue a subpoena requiring a person or entity to submit documents on Plaintiff's behalf if it is reasonably necessary for the full presentation of his case. (R. at 36). If Plaintiff had any questions upon receipt of this letter, he was given the option to call or write the ALJ's office. (R. at 36). However, there is no evidence demonstrating that Plaintiff availed himself of these avenues.

Moreover, the ALJ kept the record open at the March 30, 2009 hearing for receipt of additional evidence (R. at 50, 57). But, Plaintiff did not submit any other records nor indicate that he had difficulty obtaining records from Children's Hospital. (*Id.*). On this point, the ALJ asked Plaintiff during the hearing whether the record was complete, to which he answered yes. (R. at 53-54). The ALJ also asked Plaintiff if he had the opportunity to review the medical records before the Commissioner and if they were correct. (R. at 53). Plaintiff answered in the affirmative to both questions upon which the ALJ admitted his records into evidence. (*Id.*). At the end of this questioning, the ALJ gave Plaintiff the opportunity to submit additional records after the hearing, however, he declined the same, confirming that the record was already complete. (R. at 54).

Plaintiff also fails to provide any valid explanation as to why Dr. Jani's report was not completed until January 4, 2010, after this case was appealed to this Court. (*See* Docket No. 9 at 3). His claim that he was unaware that his files from Children's Hospital were not in the record before the ALJ is belied by his affirmation during the administrative hearing that he reviewed the records and that they were complete. (R. at 53). Plaintiff has not offered any reason why he did not attempt to obtain such an evaluation at the time when it could have been considered by the ALJ. This alone is sufficient to determine that Plaintiff cannot make the necessary good cause showing. *See, e.g., Matthews*, 239 F.3d at 595 (declining to remand for lack of good cause where claimant could not "explain[] why she did not attempt to obtain [an] evaluation at a time when it could be considered by the ALJ."). In circumstances such as these, the Court is mindful that "if [it] were to order remand for each item of new and material evidence, [it] would open the door for claimants to withhold evidence from the ALJ in order preserve a reason for remand." *Matthews*, 239 F.3d at 595.

Finally, upon review of Plaintiff's additional evidence, i.e. the January 4, 2010 Dr. Jani report, the Court finds that good cause is lacking for its belated introduction, and there is no

reasonable probability that such evidence would have caused the Commissioner to reach a different conclusion. *See Newhouse v. Heckler*, 753 F.2d 283, 287 (3d Cir. 1985). Dr. Jani's report is also irrelevant in that it relates to findings that are not included in the period of disability at issue. (Docket No. 9 at 3); *see* 20 C.F.R.§ 404.970(b)(a claimant can only submit additional evidence when "it relates to the period on or before the date of the ALJ's hearing decision."). Nor, does it include findings that would support a conclusion that Plaintiff could not work, as Dr. Jani did not limit Plaintiff's abilities nor did the doctor recommend that Plaintiff not work. (*Id.*).

Consequently, the Court concludes that this case may be not remanded for consideration of Dr. Jani's report under sentence six of Section 405(g). The determination that Plaintiff has failed to meet his burden for a sentence six remand ends this Court's inquiry, as he has not asserted any other basis for remand. *Steward v. Comm'r. of Soc. Sec.*, Civ. A. No. 08-1741, 2009 U.S. Dist. LEXIS 52966 (W.D. Pa. June 23, 2009).

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Docket No. [9]) is denied, and Defendant's Motion for Summary Judgment (Docket No. [10]) is granted. The decision of the ALJ is affirmed. An appropriate Judgment follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:	March 23, 2010
CC/ECF:	All counsel of record.